**IN RE Louis A. FUCCI, No. 63-81**

June 8, 1981. The Professional Conduct Board having adopted the findings of its hearing panel, which establish that the respondent, Louis A. Fucci, of White River Junction, Vermont, did violate the Code of Professional Responsibility, in particular, Disciplinary Rule 5-101(A), providing that a lawyer shall not become employed, without consent after full disclosure, if his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property or personal interests; and Disciplinary Rule 5-104(A), providing that a lawyer shall not enter into a business transaction with a client, also without consent after full disclosure, if they have differing interests therein and the client expects the lawyer to exercise his professional judgment therein for the protection of the client; see also Ethical Considerations 5-2 and 5-3;

And said Board having made its recommendation to the Supreme Court that a public reprimand be administered under the Rules of Professional Conduct, 12 V.S.A. App. VIII, A.O. 9;

And this Court having approved of such disposition on March 24, 1981;

And the respondent having made no request for a formal proceeding to be instituted against him as pro-

vided in Professional Conduct Rule 7(d), 12 V.S.A. App. VIII, A.O. 9;

Now, therefore, be it remembered that the Vermont Supreme Court does, by virtue of this written order, publicly reprimand the aforesaid respondent, Louis A. Fucci, and such reprimand shall be reported in the Vermont Reports as provided in Professional Conduct Rule 3(a)(3) (as amended).